## RICE *v.* THOMPSON *et al.*

*(Supreme Court, General Term, First Department.   December 31, 1891.)*

DOWER—ACTION FOR ADMEASUREMENT.

> In an action by a dowress for admeasurement of her dower, and payment to her for life of the share to which she might be entitled out of the rental of the premises, a tenant in common answered that the rental value could not be accurately ascertained, that a charge upon the premises would be detrimental to his interest, and alleged the commencement by him of a partition suit in which a sale of the premises and adjustment of the dowress' rights was asked.   *Held,* that plaintiff was entitled to an interlocutory judgment, under Code Civil Proc. § 1607, providing that, if plaintiff's right to dower is not disputed by the answer, an interlocutory judgment must be rendered.

Appeal from special term, New York county.

Action by Lucy M. Rice against Henry Thompson, John S. Rice, Charles Murray Rice, and others for admeasurement of dower.   From an interlocutory judgment that plaintiff's dower be admeasured by a referee thereby appointed, defendant Thompson appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT and ANDREWS, JJ.

*Robinson, Bright, Biddle & Ward,* (*E. R. Robinson,* of counsel,) for appellant.   *John L. Sutherland,* (*Frederick H. Man,* of counsel,) for respondent.

VAN BRUNT, P. J.   This action was brought for the admeasurement of dower by the plaintiff, as the widow of one John S. Rice, who died intestate, seised of these premises, against his three children, to whom the property had descended, and certain tenants and the appellant, Henry Thompson, who had contracted to buy from one of the children his undivided share in the property.   The complaint alleges the marriage of the plaintiff to said Rice; the death of Rice intestate, seised and possessed of the real estate in question; that the defendants the children of Rice were the owners in fee of the lands and premises as tenants in common, subject to the dower right of the plaintiff in the premises; and that one of the defendants Rice had contracted to sell to the defendant Thompson all his right, title, and interest in the premises.   The complaint then alleges the names of the occupants of the premises; that no portion of said premises had ever been admeasured to the plaintiff for her dower therein; and that her dower was never assigned to her.   The complaint further alleged that it was not practicable to admeasure and lay off a distinct parcel of the real property, to constitute the one-third part of which the plaintiff's dower was to be admeasured, without great injury to the interests of all the parties concerned, and prayed judgment that her dower in the premises might be admeasured, and that the share to which the plaintiff was entitled in the rental value of the premises might be ascertained and paid to the plaintiff annually during her life.   The defendant Thompson's answer admitted the marriage of the plaintiff; the seisin of her husband of the premises in question; that the defendants Rice had the interest in the premises mentioned in the complaint, which was subject to the dower right of the plaintiff, and that no admeasurement of dower had been made; and then set up the further and separate defense that the building then upon the premises was insufficient for the proper development and improvement of the land; and that all the leases of the building terminated on the following February, and the consequent impossibility of ascertaining with any certainty the share of the rental value of the said premises to be paid to the plaintiff during her life, and the fact that a charge upon the real estate for the estimated amount of such share of said rental value would be detrimental to the interests of the defendant Thompson and the other tenants in common.   It further alleges the acquisition by Thompson, by means of a contract, of an equitable title to an undivided third of said estate at a time prior to the com-

mencement of this action, and the fulfillment of said contract, and the acqui-
sition of a legal title to said undivided third subsequent to the commencement
of this action. It then alleges the subsequent commencement of an action
for the partition and sale of the premises, the complaint in which action prays
for the adjustment of the plaintiff's dower right; and on these facts the de-
fendant insists on his right to have ascertained and finally settled, by means
of a sale in the action for partition, the dower right of the plaintiff in the
premises in question. Upon these pleadings a motion was made for judg-
ment as prayed for in the complaint. In answer to this motion, the defend-
ant submitted affidavits from two real-estate agents, who were familiar with
the property in question, by which he claims facts were stated showing the
impossibility of reaching any accurate estimate of the amount of the rental
value paid to the plaintiff, and also that a charge on said real estate would be
uncertain, inaccurate, and detrimental to the interests of the tenants in com-
mon, by preventing a sale of the premises, and seriously injuring future im-
provements by preventing the borrowing of money for such improvement.
The court granted the application for judgment, and from the judgment there-
upon entered this appeal is taken.

It is urged that the plaintiff is not entitled to the interlocutory judgment
which was directed, and that "the answer of the defendant Thompson in this
action, while admitting that the estates of the owners are subject to the
'dower right' of the plaintiff, does most distinctively dispute the right of the
plaintiff to the admeasurement which she asks for, upon the ground that such
admeasurement, in the present condition of the premises, would be destruct-
ive of the rights and equities of the tenants in common, and also upon the
ground of the preference which equity ought to give his partition suit to the
plaintiff's action, because only in such partition suit the question whether the
plaintiff's dower right should be excluded from or included in the sale of the
premises can be decided, and it cannot be decided in the plaintiff's action."
And it is urged that the provisions of section 1607 of the Code should not be
interpreted in the limited manner in which they were done by the court be-
low, and that it was not the intention of the legislature to compel the court,
under all circumstances, to go on with the admeasurement, when, although
the dower right is admitted, the answer shows that such admeasurement is
unnecessary and inequitable; and attention is called to the provisions of the
Code which provide that, where an actual partition of the real estate is not
possible, and where the interests of the tenants in common so require, a sale
may be had in the partition action of every estate and interest in the land,
free from all claims whatever, and to substitute in the place of the land its
proceeds for the benefit of the persons interested therein; and that section
1538 requires that "every person having a right of dower in the property, or
any part thereof, which has not been admeasured, must be made a party to
an action for partition; and that, therefore, it was the intention of the legis-
lature that the widow's dower should be admeasured in the partition suit,
where such suit was instituted prior to the bringing to trial of the dower ac-
tion, rather than in the dower action itself. We think this position is not
tenable. The language of the Code is unqualified. Section 1607 provides
that if a defendant makes default in appearing or pleading, or if the right of
the plaintiff to dower is not disputed by the answer, * * * an interlocu-
tory judgment must be rendered," etc. In the case at bar the plaintiff's
right to dower was not disputed in the answer. On the contrary, it was ex-
pressly admitted, and only equitable considerations were set up tending to
show the court that it should not be admeasured. Whether the court, in its
discretion, would have the right to postpone the admeasurement of dower for
any reason whatever, in order that the rights of the parties might be fixed in
a partition suit, it is not necessary to determine here. But it is not ordinarily
the rule that the action of the most diligent party shall be suspended until the

trial of some other action, subsequently brought by some other party, in which, perhaps, the same question might be determined. Dower is a favored estate. The widow's title is superior to that of the tenants in common, and in the case at bar she had commenced her proceedings for the purpose of having it admeasured, and there seems to be no reason why her suit should be stayed while the person who had come in and bought from the heirs of the intestate should have an opportunity to have her dower admeasured in a partition suit. It does not appear that any of the heirs complain, and, if the appellant did not desire to run the risk of having the dower admeasured in the proper action brought by the widow, he need not have made his contract to purchase. We see no reason why this appellant, who has voluntarily thrust himself in as a tenant in common of the premises in question subject to this dower right, should be able to postpone the action of the widow to have her dower admeasured until he can sell the real estate in partition. The judgment should be affirmed, with costs. All concur.